

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 8, 1952

Hon. R. C. Lanning                Opinion No. V-1455
Chairman
State Board of Control      Re:  Authority of the Board
Austin, Texas                    of Control to allocate
                                 to the Texas Education
                                 Agency certain space
                                 in the State Land Office
                                 Building which is now
                                 occupied by other de-
Dear Sir:                        partments.

          Your request for an opinion of this office
is as follows:

          "The Board of Control, in endeavoring
     to carry out the mandate of the Legislature
     that the Texas Education Agency should be
     accommodated in contiguous offices, desires
     to allocate adequate space in the State Land
     Office Building for the Texas Education
     Agency.

          "Since the State Banking Department
     has moved from the Walton Building and the
     Board of Insurance Commissioners has moved
     from the State Land Office Building, it is
     possible at this time to allocate substan-
     tially equivalent office space for two
     State Departments now remaining in the
     State Land Office Building, whereupon ade-
     quate space for the Texas Education Agency
     will exist in the State Land Office Build-
     ing.

          "It is the view of the Board of Con-
     trol that the provisions of Article 665,
     Vernon's Civil Statutes, authorizing this
     department to allocate space in the public
     buildings to the departments, authorize
     and require the Board to make changes in
     the space allocations in the public build-
     ings from time to time as the Board finds

necessary to promote the efficient utilization of the public buildings in its charge.

"Two State Departments which now occupy space in the State Land Office Building can be housed in substantially equivalent space in other public buildings, namely, the Walton Building and the Capitol Building, respectively, but these departments have questioned the authority of the Board of Control to require that they move from the space they now occupy.

"The Board of Control requests the opinion of your office concerning the authority of the Board under Article 665, to allocate space in the State Land Office Building now occupied by other departments to the Texas Education Agency."

Article 665, V.C.S., is as follows:

"The State Board of Control shall have charge and control of all public buildings, grounds and property of the State, and is the Custodian of all public personal property, and is charged with the responsibility to properly care for and protect such property from damage, intrusion or improper usage, and the Board is expressly directed to take any steps necessary to protect any public buildings against any existing or threatened fire hazards. And the Board shall be authorized to provide for the allocation of space in any of the public buildings to the departments of the State Government and for the uses authorized by law to have and occupy space in the State buildings, and shall be authorized to make any repairs to any such buildings or parts thereof necessary to the serviceable accommodation of the uses to which such buildings or space therein may be allotted. Provided the Board of Control shall not be understood to have or exercise any authority to direct the

allotment of space in any public building
in any manner calculated to increase the
operations of any department or use be-
yond the discharge of duties devolved by
provision of law. Said Board of Control
shall remove all occupants of all commit-
tee rooms in the Capitol and keep them
free for Legislative work. Provided,
however, that the allocation of any space
affecting the quarters of either House of
the Legislature, must have the approval of
the Speaker of the House of Representatives
or the Lieutenant Governor, the approval
being for the quarters allocated to the
particular House affected." (Emphasis added.)

The Legislature has the exclusive authority
to place property owned by the State in the custody
and control of the agency of the State it deems best
suited for such duties. Conley v. Daughters of the
Republic, 106 Tex. 80, 156 S.W. 197 (1913). The
Legislature, by the enactment of Article 665, has
placed the custody and control of the public build-
ings, grounds, and property of the State in the Board
of Control. It has directed that the Board shall al-
locate space in the public buildings under its custody
to the departments of the State government for the
uses authorized by law, subject to the following limi-
tation:

". . . Provided the Board of Control
shall not be understood to have or exercise
any authority to direct the allotment of
space in any public building in any manner
calculated to increase the operations of
any department or use beyond the discharge
of duties devolved by provision of law.
. . ."

Unless this limitation, which involves a
fact issue beyond the scope of our opinion, is in-
volved, it is our opinion that it is within the dis-
cretion of the State Board of Control to determine
the allocation of space outlined in your request and
make the changes contemplated.

## SUMMARY

It is within the discretion of the State Board of Control to allocate to the Texas Education Agency certain space now occupied by other departments in public buildings under the custody of the Board of Control. Art. 665, V.C.S. The power of the Board of Control in this matter is limited only by the provisions of Article 665 requiring that it shall not allot space "in any manner calculated to increase the operations of any department or use beyond the discharge of duties devolved by provision of law."

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary Kate Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

JR:mh

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant